In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2458

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MATTHEW POULIN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois, Rock Island Division.
No. 11-CR-40116 — **Michael M. Mihm**, *Judge.*

ARGUED DECEMBER 4, 2015 — DECIDED JANUARY 5, 2016

Before POSNER, FLAUM, and WILLIAMS, *Circuit Judges.*

FLAUM, *Circuit Judge.* In 2013, the district court sentenced
Matthew Poulin to two concurrent 115-month terms of im-
prisonment followed by concurrent life terms of supervised
release after he pled guilty to receipt and possession of child
pornography. Poulin appealed his prison and supervised re-
lease terms as well as four special conditions of his supervised
release. We held that the district court erred by not addressing

a principal argument in mitigation and by not providing rea-
sons for imposing the maximum term of supervised release.
We also determined that the record lacked necessary reason-
ing for us to review the validity of the special conditions. We
therefore vacated Poulin's prison and supervised release
terms, as well as the special conditions accompanying his su-
pervised release, and remanded for resentencing.

On remand, the district court resentenced Poulin to con-
current 84-month terms of imprisonment on both counts of
conviction, followed by a 10-year term of supervised release.
The district court imposed thirteen standard conditions of su-
pervision and seven special conditions. Poulin now brings a
successive appeal challenging various conditions of his super-
vised release. For the reasons that follow, we vacate the dis-
puted conditions and remand to the district court for resen-
tencing in conformance with our recent jurisprudence, which
encourages the imposition of supervised-release conditions
that are "properly-noticed, supported by adequate findings,
and well-tailored to serve the purposes of deterrence, rehabil-
itation, and protection of the public." *United States v. Kappes*,
782 F.3d 828, 835–36 (7th Cir. 2015); *see also United States v. Ar-
mour*, 804 F.3d 859 (7th Cir. 2015); *United States v. Thompson*,
777 F.3d 368 (7th Cir. 2015). We do this recognizing that the
district court did not have the benefit of guidance provided
by the above-cited cases.

## I. Background

Matthew Poulin lived in the basement of his mother's
home in Silvis, Illinois, where he kept a computer. In Septem-
ber 2011, law enforcement identified the IP address associated
with Poulin's computer as receiving and distributing child
pornography. Officers executed a search warrant on October

7, 2011, and recovered two hard drives and a computer from Poulin's basement room. The hard drives contained seventy-eight videos depicting child pornography. Poulin was interviewed during the search and admitted to possessing and receiving child pornography from the internet.

In December 2011, a grand jury indicted Poulin on one count of receiving child pornography and one count of possessing thirty or more visual depictions of child pornography. Poulin pled guilty to both counts on August 21, 2012.

Before pleading guilty, Poulin underwent competency and sanity examinations. The Bureau of Prisons ("BOP") confirmed four prior hospitalizations due to psychiatric difficulties. The BOP records contain conflicting information regarding Poulin's use of alcohol and controlled substances. For instance, in August 2006 at the age of twenty-one, Poulin was diagnosed with alcohol dependence and cannabis abuse. Poulin also told the BOP psychologist that he handles stress using "alcohol and prescription medication." The psychologist noted, however, that there was no evidence in the records he reviewed to indicate that Poulin misused these substances. During an interview with a probation officer, Poulin stated that he only consumed alcohol socially and that he had stopped using cannabis at the age of sixteen—a statement that conflicts with information in his medical records. In spite of these contradictions, the BOP psychologist concluded that Poulin would benefit from continued mental health treatment and noted that Poulin's "over-reliance on medication and perhaps alcohol" were among the factors that might limit Poulin's therapeutic progress.

The presentencing investigation report gave Poulin a total offense level of 34 with a criminal history category I, resulting

in an advisory guidelines range of 151 to 188 months in
prison. On March 15, 2013, the district court sentenced Poulin
to concurrent sentences of 115 months in prison, followed by
concurrent life terms of supervised release.

During his first appeal, Poulin challenged the sentence of
imprisonment and lifetime term of supervised release. Addi-
tionally, he challenged four special conditions of supervised
release that collectively prohibited unsupervised contact with
minors, as well as access to and possession of adult pornogra-
phy. We held that the district court erred by not addressing a
principal argument in mitigation and by not providing rea-
sons for imposing the maximum term of supervised release.
We also concluded that the record lacked the explanation nec-
essary for us to review the validity of the special conditions.
We therefore vacated Poulin's prison and supervised release
terms, as well as the special conditions accompanying his su-
pervised release, and remanded for resentencing.

The district court held a resentencing hearing on June 27,
2014 and sentenced Poulin to concurrent 84-month terms of
imprisonment, followed by a 10-year term of supervised re-
lease. The district court imposed thirteen standard conditions
of release and seven special conditions. During the hearing,
the court discussed the mandatory conditions and defense
counsel indicated that Poulin did not object to the mandatory
conditions. The court did not verbally address any of the
standard conditions except in the context of Poulin's objection
to the requirement that he attend substance abuse treatment

and abstain from alcohol during the term of supervised release.[1]

The district court then considered the special conditions. Defense counsel objected to four of the special conditions, including the provisions barring contact with minors, governing use of the internet, and requiring that Poulin undergo substance abuse treatment and abstain from alcohol. Based on Poulin's objections, the district court modified a number of the conditions.

Poulin now appeals a second time, challenging the following standard conditions of his supervised release:

- The defendant shall not leave the judicial district without the permission of the court or probation officer.
- The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
- The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
- The defendant shall support his or her dependents and meet other family responsibilities.
- The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
- The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

---

[1] At resentencing, the district court accidentally referred to the mandatory conditions as "standard." There was no mention of the actual standard conditions.

- The defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
- The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
- The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
- The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
- As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Poulin also challenges the following special conditions of his supervised release:

- You shall participate in a sex offender treatment program as directed by the U.S. Probation Office. You shall abide by the rules of the treatment provider. You will submit to physiological testing, including polygraph testing. You shall pay for these services, if financially able, as directed by the U.S. Probation Office.

- You shall at the direction of the U.S. Probation Office, participate in a program for substance treatment including not more than six tests per month to determine whether you have used controlled substances or alcohol. You shall abide by the rules of the treatment provider. You shall pay for these services, if financially able, as directed by the U.S. Probation Office.

- You shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the U.S. Probation Officer and take any and all prescribed medications as directed by the treatment providers. You shall pay for these services, if financially able, as directed by the U.S. Probation Office.

- You shall have no contact with any female under the age of 18 except: (1) in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the U.S. Probation Office; (2) in the course of normal commercial business; (3) in other cases of unintentional and incidental contact.

## II. Discussion

We have addressed the requirements for imposing conditions of supervised release repeatedly over the past two years. *United States v. Douglas*, 806 F.3d 979, 982 (7th Cir. 2015). As we have explained:

> Under 18 U.S.C. § 3583(d), a sentencing court has discretion to impose appropriate conditions of supervised release, to the extent that such conditions (1) are reasonably related to the factors identified in § 3553(a), including the nature and circumstances of the offense and the history

and characteristics of the defendant; (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) are consistent with the policy statements issued by the Sentencing Commission. Policies emphasized by the Sentencing Commission include deterrence, rehabilitation, and protecting the public.

*Armour*, 804 F.3d at 867 (quoting *United States v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007)).

Additionally, we have outlined the findings necessary for the imposition of discretionary conditions, including standard and special conditions. We observed in *Kappes* that

[t]he judge need not address every factor in checklist fashion, explicitly articulating its conclusions regarding each one. [T]he court may simply give an adequate statement of reasons, consistent with § 3553(a), for thinking the sentence it selects is appropriate…. Special conditions often require more justification than standard conditions—but not always—and a condition's label in the guidelines is ultimately irrelevant. *All* discretionary conditions, whether standard, special or of the judge's own invention, require findings.

782 F.3d at 845–46 (internal citations and quotation marks omitted) (emphasis in original). We emphasized that although the judge need not "give a speech about each condition," he or she "rarely, if ever, should list a multitude of conditions without discussion." *Id*. at 846.

## A. Standard of Review

The standard of review we apply depends on whether the defendant alleges that the district court committed procedural or substantive error by imposing particular conditions of supervised release. We review de novo a claim of procedural error, such as the listing of conditions without any sort of justification for the conditions imposed. *United States v. Poulin*, 745 F.3d 796, 800 (7th Cir. 2015) ("A sentencing judge's failure to adequately explain his sentence is a procedural error that may require remand. We conduct a *de novo* review as to whether a district court committed any procedural error." (internal citations omitted)). While the district court should not list a multitude of conditions without discussion, this rule is subject to a harmless error analysis. *Kappes*, 782 F.3d at 846.

By contrast, we review a claim of substantive error for either abuse of discretion or plain error. "We review the imposition of a condition of supervised release for an abuse of discretion if it is a contested condition (*i.e.*, defendant objected below), while we review uncontested conditions for plain error." *Armour*, 804 F.3d at 867 (citing *Kappes*, 782 F.3d at 844).

## B. Standard Conditions of Supervised Release

Poulin did not challenge the standard conditions at the resentencing hearing, except for the ban on alcohol, which he objected to in the context of the special condition directing him to undergo substance abuse treatment. When asked whether he had any objections to the standard conditions, defense counsel replied, "no." By contrast, as soon as the court began to discuss the special conditions, defense counsel stated: "[I]f this may help, we basically have three objections to these [special] conditions."

In the current appeal, Poulin claims that the district court erred in imposing ten standard conditions of supervised release without sufficient discussion. The government argues in response that Poulin waived any challenge to these conditions by not objecting to them in his first appeal. According to the government, Poulin cannot "use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal." *United States v. Schroeder*, 536 F.3d 746, 751–52 (7th Cir. 2008) (citation and internal quotation marks omitted).

The government also contends that because Poulin did not challenge the standard conditions in his first appeal, this Court did not vacate those conditions. The government cites *United States v. Whitlow* for the proposition that "an issue that could have been raised on appeal but was not is waived and, therefore, not remanded." 740 F.3d 433, 438 (7th Cir. 2014) (citations omitted). Thus, argues the government, the district court was not required to make findings to support the imposition of the standard conditions at resentencing.

Regardless of whether or not the district court was required on remand to make findings as to the standard conditions, the imposition of waiver is inappropriate in light of developments in the law since Poulin's first appeal. In *United States v. Purham*, we declined to apply waiver because the conditions the defendant challenged had been found "fatally vague" in an intervening decision.[2] 795 F.3d 761, 765–66 (7th

---

[2] The government has acknowledged as much in this litigation. On December 3, 2015, the government filed a letter pursuant to Fed. R. App. P. 28(j) that informed this Court of relevant precedent from *United States v. Purham*, 795 F.3d 761 (7th Cir. 2015).

Cir. 2015) (citing *Thompson*, 777 F.3d at 368). Similarly, in the period since Poulin's initial appeal, we have issued decisions that deem vague many of the standard conditions Poulin now challenges. *See generally Thompson*, 777 F.3d at 368; *Kappes*, 782 F.3d at 828. As a result, we will not apply waiver.

Our case law since Poulin's initial appeal emphasizes that the decision to impose any discretionary conditions—including standard conditions—must comport with the § 3553(a) sentencing factors and requires the district court to make findings justifying their imposition. *See, e.g., Kappes*, 782 F.3d at 845–46. Although the sentencing judge need not give a lengthy exposition about each condition, he or she should do more than list a multitude of conditions without any discussion or justification. *Id.* at 846.

The district court in this case did not make any findings with regard to the thirteen standard conditions, either at the original sentencing or at resentencing. We therefore conduct a de novo review of the challenged conditions to determine whether the district court committed procedural error such that remand is necessary. *Poulin*, 745 F.3d at 800. A finding of harmless error would not necessitate remand. *See, e.g., United States v. Chatman*, 805 F.3d 840, 847 (7th Cir. 2015). We consider each challenged condition to determine whether or not the absence of findings justifying the condition was harmless error. *See, e.g., United States v. Siegel*, 753 F.3d 705, 713 (7th Cir. 2014).

### 1. *Administrative Requirements*

The first three conditions Poulin challenges are "administrative requirements applicable whenever a term of supervised release is imposed, such as requiring the defendant to report to his probation officer, answer the officer's questions,

follow his instructions, and not leave the judicial district without permission." *Kappes*, 782 F.3d at 843 (quoting *Thompson*, 777 F.3d at 378) (internal quotation marks omitted). "Once the judge has explained why supervised release is necessary, he should be permitted to impose the necessary incidents of supervision without explanation." *Id.*

In *Kappes*, we noted that the condition that "'the defendant shall not leave the judicial district without … permission' would be improved by explicitly adding a scienter requirement, particularly in a case where it is foreseeable that a defendant will reside near the boundary of two judicial districts within the same state." *Id.* at 849–50. There is no evidence that Poulin lives on the boundary of two judicial districts within the same state. Furthermore, the court recommended, but did not mandate, the inclusion of a scienter requirement. Therefore, the district court did not err in imposing this condition without findings.

We have also observed that the condition that "the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer" "essentially asks for a waiver of the right not to be forced to incriminate oneself, because the condition would require the defendant to answer 'yes' if he were asked whether he had committed another crime and he had." *Id.* at 850 (citation and internal quotation marks omitted). While we did not definitively decide the issue, we held that the defendant may request that the language be amended to indicate that the condition does not prevent the defendant from invoking the Fifth Amendment privilege against self-incrimination. *Id.* Such language is recommended but not required. *Id.* Thus, imposition of this condition without findings did not constitute error.

Additionally, Poulin does not substantiate his challenge to the condition that "the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer." This is a classic administrative requirement that can be imposed without explanation after the judge has explained why supervised release is necessary. *Id.* at 843. Moreover, in *Armour* we upheld such a condition as justified by § 3603(2)'s requirement that a probation officer remain informed of the conduct and condition of a person under supervision. 804 F.3d at 868. Therefore, the court did not err in imposing this condition.

In sum, the district court did not commit procedural error in imposing these administrative conditions without explanation. However, because we are ordering a review of all of the conditions, the district judge may consider these comments when resentencing Poulin.

### 2.  *Supporting Dependents and Meeting Other Family Responsibilities*

Poulin also challenges the standard condition that "the defendant shall support his or her dependents and meet other family responsibilities" on the grounds that the district court did not make findings as to why it was appropriate, and that the requirement is impermissibly vague and broad. Poulin relies on *Thompson*, in which we determined this condition was inappropriate because it referred to "her" even though the defendant was male, indicating the "rote nature of the judge's imposition" of the condition. 777 F.3d at 376. Moreover, the condition in *Thompson* was inapt because that defendant did not have any dependents at the time of sentencing. *See id.* By contrast, Poulin has a minor son and shared a home with two minor stepsiblings at the time of his arrest.

Nevertheless, this condition is problematic for the same reason we observed in *Kappes*: The meaning of "other family responsibilities" is not apparent. 782 F.3d at 852. We must conclude that the district court procedurally erred in imposing this condition. On remand, the district court should make explicit the extent to which this condition requires financial, as opposed to other forms, of support and take into account Poulin's ability to pay. *See id.* ("The meaning of the phrase, 'other family responsibilities,' is not apparent … . To the extent the condition requires only financial support, the condition should make that explicit and should include a limitation which takes into account the defendant's ability to pay.").

### 3. *Working Regularly at a Lawful Occupation*

Next, we turn to the district court's requirement that Poulin "work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons." Poulin argues that the district court did not make any findings and failed to define "regularly." In *Kappes*, we did not propose a definition for "regularly" but emphasized that the failure to define the term created "ambiguit[y]." *See id.* at 848–49. Thus, we find procedural error necessitating remand. On remand, the district court should adequately define the term "regularly."

### 4. *Notification of Changes in Residence or Employment*

Poulin then challenges the condition that he "notify the probation officer at least ten days prior to any change in residence or employment." He claims that the district court failed to make necessary findings and that the condition is vague and overbroad. This condition presents the same problem as

in *Kappes* in that it "fails to indicate 'whether change in employment just means changing employers or also includes changing from one position to another for the same employer at the same workplace.'" *Id.* at 849 (quoting *Thompson*, 777 F.3d at 379). Therefore, the district court procedurally erred in ordering this condition. On remand, the court should adopt the same, or a similar, condition to the one we upheld in *Armour*: Defendant shall "notify Probation at least ten days prior to or as soon as you know about any changes in residence and any time you leave a job or accept a job." 804 F.3d at 869.

### 5. Ban on Alcohol and Controlled Substances

The district court imposed on Poulin the standard condition that "the defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." At resentencing, Poulin objected to the portion of this condition prohibiting him from consuming alcohol while on supervised release. Because we concluded above that Poulin's failure to object in his first appeal does not constitute waiver, and because the court justified its requirement that Poulin abstain from alcohol and drugs when discussing the special conditions, we review the imposition of this condition for abuse of discretion.

Poulin argues that the district court's findings that Poulin handles stress by using alcohol and that consuming alcohol could lead Poulin to view child pornography are not supported by the record. We disagree. The district court adopted the factual findings in the presentencing investigation report, which included explicit references to the fact that Poulin was diagnosed as alcohol dependent in 2006. The district court

also noted Poulin's substance abuse history before sentencing him.

This case is thus distinguishable from *Kappes*, where we vacated a complete ban on alcohol because "[t]he sentencing judge imposed the alcohol ban with no explanation for how it connected to [defendant's] offense or history." *Id.* at 852. Here, the district court provided a sufficient explanation and reasonably concluded that alcohol consumption might lead Poulin to view child pornography. Thus, the court did not abuse its discretion by imposing this condition.

### 6. *Prohibition on Frequenting Places Where Drugs are Illegally Sold*

Poulin also challenges the requirement that he "not frequent places where controlled substances are illegally sold, used, distributed, or administered." In particular, Poulin argues that the problem with this condition is the word "frequent." We held in *Kappes* that this same condition was impermissibly vague because it contained no indication of how many trips constitute "frequenting" such places. *Id.* at 849. We also observed that the condition, "read literally, improperly imposes strict liability because 'there is no requirement that [the defendant] know or have reason to know or even just suspect that such activities are taking place.'" *Id.* (quoting *Thompson*, 777 F.3d at 379) (alteration in original). Thus, we find procedural error and remand to the district court.

### 7. *Prohibition Against Association with Felons*

During his supervised release, Poulin is also prohibited from "associat[ing] with any persons engaged in criminal activity and … any person convicted of a felony, unless granted permission to do so by the probation officer." Poulin claims

this condition is impermissibly vague as it lacks a scienter requirement and does not define what is meant by "association." We agree that this condition presents the same problems as the similarly-worded condition we deemed improper in *Thompson*. *See* 777 F.3d at 376–77. We find procedural error and remand for findings that support the imposition of the condition as well as rephrasing in conformance with *Thompson*, which suggested that the district court reword the condition to bar the defendant from "meet[ing], communicat[ing], or otherwise interact[ing] with a person whom he knows to be engaged, or planning to be engaged in criminal activity." *Id.* at 377.

### 8. *Probation Officer Visits*

Poulin challenges the standard condition that "the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer." Poulin argues that this condition is overbroad because it provides no limitation as to the time or frequency of these visits. Given that the court did not explain its reason for imposing the condition, *Thompson* applies and we must vacate and remand for a proper explanation by the district court. *See id.* at 379–80 ("The … condition would allow the probation officer to 'visit' the defendant at 3:00 a.m. every morning and look around for contraband, and also allow him to follow the defendant everywhere, looking for contraband. Regardless of any possible constitutional concern, [the condition is] too

broad in the absence of any effort by the district court to ex-
plain why [it is] needed.").

### 9. *Notification of Third Parties*

Finally, Poulin challenges the standard condition that "as
directed by the probation officer, the defendant shall notify
third parties of risks that may be occasioned by the defend-
ant's criminal record or personal history or characteristics and
shall permit the probation officer to make such notifications
and to confirm the defendant's compliance with such notifi-
cation requirement." Poulin claims that this condition is too
ambiguous and broad. As we noted in *Thompson*, there is "no
indication of what is meant by 'personal history' and 'charac-
teristics' or what 'risks' must be disclosed to which 'third par-
ties.'" *Id.* at 379. Thus, we vacate this condition and instruct
the district court on remand to specify limitations on this con-
dition such that it is sufficiently clear to the defendant what
conduct is allowed and disallowed. *See id.* at 380.

In sum, we remand all of the standard conditions for re-
consideration in light of our recent case law.

### C. Special Conditions of Supervised Release

### 1. *Treatment Conditions*

Poulin contends that the district court erred by not "con-
sider[ing] the practical effect of [the] three [treatment] condi-
tions imposed together," namely sex offender treatment, sub-
stance abuse treatment, and mental health treatment. The
government argues that this challenge has been waived.

We agree with the government that Poulin waived any
challenge to these treatment conditions. At resentencing, Pou-
lin's counsel stated that he had no objections to the proposed

sex offender treatment, mental health treatment, and sub-
stance abuse treatment conditions. He did, however, object to
the wording of what became the combined substance abuse
treatment condition as well as to the condition's requirement
that, if financially able, Poulin pay for either alcohol or drug
testing. The government correctly notes that these objections
are unrelated to Poulin's claim on appeal that the district court
erred by not considering the practical effect of imposing all
three conditions. Thus, by stating that he had "no objection"
to these conditions—whether independently or in combina-
tion—Poulin waived this argument.

### 2.  *No-Contact Condition*

Poulin's final argument on appeal is that the district court
abused its discretion by imposing a "no-contact condition,"
which states:

> You shall have no contact with any female un-
> der the age of 18 except: (1) in the presence of a
> responsible adult who is aware of the nature of
> your background and current offense, and who
> has been approved by the U.S. Probation Office;
> (2) in the course of normal commercial business;
> (3) in other cases of unintentional and incidental
> contact.

Poulin claims that the district court failed to consider that this
condition will prevent him from having contact with his mi-
nor stepsister, and that he was not diagnosed with pedophilia
and had never acted inappropriately with a child. Poulin ar-
gues that the district court "should have considered [his] lack
of history of offending with children and his family circum-
stances when crafting this condition."

We review for abuse of discretion because Poulin objected to the no-contact condition at both sentencing hearings. At resentencing, the district court thoroughly considered Poulin's objection and noted that the condition does not prohibit contact with minor females altogether, but rather prohibits unsupervised or unauthorized contact. The court found that while Poulin's objection was "not frivolous" given desired contact with his minor stepsister, the "wording [of the condition] is adequate and appropriate unless [Poulin] has a—if he has a specific situation that comes up upon release that would suggest to him that this is not appropriate, then he can file a motion to amend it." Based on this reasonable justification, we conclude that the district court did not abuse its discretion by requiring the presence of another adult when Poulin has contact with minor females.

Additionally, contrary to Poulin's contention, the district court specifically considered the condition's impact on his familial relations, the lack of a diagnosis of a pedophilic condition, and the lack of evidence that he has acted out sexually toward a child. Even so, the court concluded it was reasonable to impose the no-contact condition. We agree that the evidence in the record supports a ban on contact with female minors. Thus, the district court did not abuse its discretion in imposing this condition.

Although the district court did not abuse its discretion in imposing these special conditions, we must nonetheless vacate all of the discretionary conditions and remand for resentencing. *See United States v. Falor*, 800 F.3d 407, 411 (7th Cir. 2015) ("As the additional issues presented by both appellants on appeal may be raised at a full resentencing hearing in the

district court, we vacate the entire sentences of both appellants and remand for a complete resentencing."). We also instruct the district court to include a requirement that Poulin, "on the eve of his release from prison, [ ] attend a brief hearing before the sentencing judge (or his successor) in order to be reminded of the conditions of supervised release. That would also be a proper occasion for the judge to consider whether to modify one or more of the conditions in light of any changed circumstances brought about by [Poulin's] experiences in prison." *Siegel*, 753 F.3d at 717.

### III. Conclusion

For the foregoing reasons, we VACATE the conditions of supervised release and REMAND to the district court for limited proceedings consistent with this opinion. The sentence is AFFIRMED in every other respect.