EASTERBROOK, Circuit Judge.
Paul Carson pleaded guilty to one count of delaying the mail, 18 U.S.C. § 1703(a), and was sentenced to one month’s imprisonment plus one year’s supervised release, three months of which must be spent in community confinement. The sole issue he raises on appeal is whether one condition of that supervised release was adequately justified by the district judge and consistent with the Constitution.
The contested condition requires Carson to submit to a visit by his probation officer, “at home or elsewhere”, between the hours of 6 AM and 11 PM. The *851 condition permits a home visit but not a home search (though it adds that the probation officer may confiscate any contraband in plain view). Carson objects to the “home” part of this condition but does not express concern about the. “elsewhere” clause—though as we remarked in United States v. Henry, 813 F.3d 681, 683-84 (7th Cir.2016), a district judge should be clear that “elsewhere” means someplace reasonable, rather than, say, a thousand miles away. The condition also should state that the place must be one that the probation officer may legitimately enter, by right or by consent. A condition of one person’s release cannot authorize a probation officer to barge into someone else’s home over the objection of its occupants just because the person under supervision had stopped in for a cup of tea.
Carson contends'that the home-visit condition violates the Fourth Amendment. Our opinion in United States v. Armour, 804 F.3d 859, 870 (7th Cir.2015), rejects that contention. See also Samson v. California, 547 U.S. 843, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006) (condition of parole allowing search at any time is consistent with the Fourth Amendment); United States v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001).
A district judge may not impose a condition just because the Constitution permits'it, however. Each part of a federal sentence must be justified’under the criteria of 18 U.S.C. § 3553(a), and terms of supervised release (other than those that are mandatory for all persons under supervision) also require justification under 18 U.S.C. § 3583(d)—though these statutes overlap, and a judge need not traipse through them separately if what is said under one satisfies the other as well.
This circuit insists that judges take the conditions of supervised release as seriously as other matters, such as the length of imprisonment, and justify them accordingly. See, e.g., Henry, 813 F.3d at 683; United States v. Poulin, 809 F.3d 924, 931-34 (7th Cir.2016); United States v. Kappes, 782 F.3d 828, 848-53 (7th Cir.2015); United States v. Thompson, 777 F.3d 368, 373 (7th Cir.2015). Carson maintains that the district judge failed to do this.
It is true .that the district judge was terse about the home-visit condition, but even when setting the term of imprisonment a judge need not speak at length. See, e.g., Rita v. United States, 551 U.S. 338, 356-59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Indeed, Rita holds that a few words usually will be. adequate, when the context of sentencing shows that the judge has given thought to the matter. It would not be sensible to demand that a judge say more about each of the, many terms of supervised release than about the duration of imprisonment.
When proposing the home-visit condition, the presentence report observed that the probation officer has a statutory duty to “keep informed, to the degree required by the conditions specified by the sentencing court, as- to the conduct and condition of ... a person on supervised release”. 18 U.S.C. § 3603(2). Carson opposed the proposal, reminding the district judge that he had not committed his crime at home;—and,,,because the Postal Service had fired him, that he would- not have any additional mail that he could steal or delay. But the district judge agreed with the-report’s rationale and stated that the home-visit condition would enable the probation office to “keep watch” on Carson, not only to check for signs of unlawful activity but also to monitor his compliance with: other conditions of supervised release, such as the one forbidding him to possess firearms. Home visits might turn up guns, drugs, or other signs of trouble. ■- .
*852 The judge added that it would be better for the probation officer to visit Carson inside “his home where he can spend some time with the defendant rather than a hurried conversation outside or in a .doorway which could entail.inclement weather and discomfort for both sides”. The need for home visits is especially great, the judge remarked, when the officer suspects Carson of violating the terms of his release and can use the visit' to try “to validate what is suspected.” And, although the judge did not mention this specifically in connection with the home-visit condition, he relied in other parts of the sentencing on the fact that this is Carson’s seventh felony conviction. He needs close supervision. Rita permits us to consider this part of the background of the home-visit condition.
Carson maintains that the “keep watch” observation and the judge’s related statements do not distinguish him from other felons, and he asks us to hold that ■§ 3553(a) and § 3583(d) require a judge to explain what is distinctive about each defendant’s situation.. Otherwise, Carson insists, district judges could adopt generic “explanations” that, because they apply to all offenders, really are not explanations at all. . :.
• This line of argument is not convincing, because it 'would condemn as inadequate many if not most things that judges say at sentencing. Take, for example, the common statement that a particular sentence is required to deter crime. Such a statement' could be made in every case, but this does not make it inadequate as a matter of law.- Rita held that a judge’s statement that a particular sentence was “-appropriate” sufficed in the context of that sentencing (551 U.S. at 358, 127 S.Ct. 2456), even though every judge thinks (and perhaps says) the same thing about, every sentence. What this judge said about Carson would have been enough to support a 13-month term of imprisonment; the judge’s decision to impose the lesser term of one month in prison, three months in community confinement, and nine months subject to the occasional home visit, can’t make the explanation deficient.
If this judge’s statement that the home-visit condition will enable the probation office to “keep watch” and help enforce the other terms of release implies that a home-visit condition would be appropriate in every case: why is that a problem? True, the Sentencing Commission did not put a home-visit condition on the list of eight mandatory conditions. U.S.S.G. § 5D1.3(a). It is instead tenth on the list of standard conditions that the Commission recommends. U.S.S.G. § 5D1.3(c)(10). (The district judge did Carson a fayor; the Sentencing Commission’s standard condition 10 says that the probation officer may visit the releasee “at any time at home or elsewhere”.) We cannot see anything in either the statutes or the Guidelines ,■ that forbids a district court to impose one of the standard conditions in every case. District judges may set their own. sentencing policy. See Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); United States v. Corner, 598 F.3d 411 (7th Cir.2010) (en banc). , A judge who believes that standard condition 10 should have been mandatory condition 9 is entitled to put that view into practice, just as a judge who thinks that crack and powder cocaine always should be treated identically is entitled to put that view into practice — and .to do so without an elaborate statement of his penal philosophy in every case. .
We do not read' this judge’s ■ statement that the home-visit condition will help the probation office “keep watch” as necessarily implying universal application. Maybe the judge means to employ it only when the defendant must comply with a firearms *853 condition, has other felony convictions, or both. But whether, or not the practice tends toward making a home-visit condition the norm; a judge’s statement of reasons cannot be dismissed as inadequate just because it would apply to many other defendants.
In Samson the Supreme Court sustained against constitutional challenge a search-anytime condition that applied to every felon in California, and it did so because in the Court’s view the ability to do this promotes the state’s ability to enforce its criminal laws and' the conditions of release. 547 U.S. at 848-50, 126 S.Ct. 2193. The district judge in this ease said the same thing about Carson. This reason is just as sound when given by a district judge for one case as when given by the Supreme Court for tens of thousands. -
Affirmed"