In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 17-3350

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GWENDOLYN JACKSON,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 08-cr-453-4 — **Virginia M. Kendall**, *Judge*.

---

SUBMITTED OCTOBER 25, 2018* — DECIDED NOVEMBER 26, 2018

---

Before RIPPLE, KANNE, and SYKES, *Circuit Judges*.

PER CURIAM. Gwendolyn Jackson was convicted in the
United States District Court for the Northern District of Illi-
nois on charges arising out of a scheme to defraud mortgage

---

* After examining the briefs and record, we have concluded that oral ar-
gument is unnecessary. Thus, the appeal is submitted on the briefs and
record. *See* Fed. R. App. P. 34(a)(2)(C).

lenders. Specifically, a jury found her guilty of two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of mail fraud, in violation of 18 U.S.C. § 1341. The district court sentenced Ms. Jackson to 112 months' imprisonment on each of her three counts, to be served concurrently. It also imposed concurrent three-year terms of supervised release, along with a $300 special assessment and restitution in the amount of $8,515,570.

Ms. Jackson appealed her conviction and her sentence. We affirmed the conviction but vacated the sentence. *United States v. Jackson*, 787 F.3d 1153, 1161 (7th Cir. 2015). With respect to sentencing, we held that the district court erroneously applied the obstruction-of-justice enhancement, given its finding that Ms. Jackson did not commit perjury at trial. *Id.* at 1160. At resentencing, the district court removed the obstruction-of-justice enhancement and imposed a new sentence of 100 months' imprisonment. It did not change the remaining elements of the sentence: Ms. Jackson also received concurrent three-year terms of supervised release, a $300 special assessment, and restitution in the amount of $8,515,570.

Ms. Jackson appealed the terms of her supervised release. She, along with the Government, brought a motion for summary reversal and remand for resentencing. The parties agreed that certain conditions of the supervised release were impermissibly vague and ambiguous in light of our decisions in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), and *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016). We granted this joint motion, vacating Ms. Jackson's sentence and remanding for resentencing. *United States v. Jackson*, No. 15-3443 (7th Cir. June 14, 2016) (order remanding for resentencing).

At her third sentencing hearing, Ms. Jackson received a sentence of seventy-six months' imprisonment. The district court again imposed a $300 special assessment and $8,515,570 in restitution, along with concurrent three-year terms of supervised release that complied with *Thompson* and *Poulin*. The district court orally announced the conditions of Ms. Jackson's supervised release and explained why each condition was imposed. It did not orally announce any condition requiring that Ms. Jackson notify a probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. The district court's written judgment, however, included a discretionary supervised release condition that Ms. Jackson "shall notify a probation officer promptly, within 72 hours, if arrested or questioned by a law enforcement officer."[1] Ms. Jackson timely appealed.[2]

We review allegations of procedural error in a district court's imposition of supervised release conditions de novo. *United States v. Moore*, 788 F.3d 693, 696 (7th Cir. 2015). Ms. Jackson submits, and the Government agrees, that the district court erred when it imposed a supervised release condition in the written judgment that was not orally announced at sentencing.

We have held that when "an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls." *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005) (quoting *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998)). This rule includes

---

[1] R.1349 at 4.

[2] The district court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction is premised on 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

conditions of supervised release. *See United States v. Kappes*, 782 F.3d 828, 862–63 (7th Cir. 2015); *United States v. Johnson*, 765 F.3d 702, 711 (7th Cir. 2014). Because the notification condition here was not pronounced from the bench, it must be vacated.

Ms. Jackson asks for a limited remand so that the district court may enter a corrected judgment without the notification condition. She submits that there is no need for an additional sentencing hearing because she will be released to a halfway house shortly and the logistics of her appearance at such a hearing could disrupt her transition. The Government agrees with Ms. Jackson. We have said that, in instances such as this, "[t]he cleanest way to end the matter is to remand with a corrective instruction. An additional hearing is not required." *Alburay*, 415 F.3d at 788 (citing *United States v. Maro*, 272 F.3d 817, 825 (7th Cir. 2001); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996)).

Therefore, Ms. Jackson's sentence is VACATED, and we REMAND to the district court so that it may enter a corrected judgment without the supervised release condition that Ms. Jackson notify a probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

It is so ordered.