NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2019
Decided March 21, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 18-3177

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:18-cr-30067-DRH |
| DWON POLLOCK, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

In 2018 Dwon Pollock pleaded guilty to one count of unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). Because of his considerable criminal history, including a prior crime of violence (Missouri second-degree robbery), the district court calculated a Sentencing Guidelines range of 63 to 78 months' imprisonment and sentenced him to the bottom of that range. Pollock appeals, arguing that his criminal history points were miscalculated. We affirm.

In December 2017, police responded to a request for a wellness check on a man asleep with a bag on his lap in the drivers' seat of a parked car. The man, Dwon Pollock, told the officers that he was waiting for his girlfriend, who lived in the housing projects

nearby. Officers removed the bag from the vehicle and discovered it contained a firearm and ammunition. Pollock sped away, but he was apprehended when he got into a traffic accident. Pollock was indicted on a single charge of felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The probation officer who completed the presentence investigation report assigned a base offense level of 14 and factored in adjustments for obstruction and acceptance of responsibility to arrive at a total offense level of 13. The officer calculated a criminal history score of 14.

Both Pollock and the government filed objections to the PSR. The government argued that according to U.S.S.G. § 2K2.1(a)(4), the base offense level should have been 20, because Pollock had a prior conviction for a "crime of violence" (Missouri second-degree robbery) as defined in § 4B1.2(a). The probation officer accepted this objection and revised the PSR. As for Pollock's objections, he first argued that the PSR improperly counted two different burglary sentences separately when they should have been counted together. He asserted that because the two burglaries were charged in the same instrument, their sentences should have been treated as a single sentence for Guidelines calculation purposes, which would have resulted in just three, not six, criminal history points. Soon after, Pollock filed a second objection, this time contending that his 2009 second-degree robbery was assigned too many criminal history points "due to the amount of time he was in treatment."

The district court rejected Pollock's objections, ruling that his two burglaries were properly treated separately, and that the 14 months Pollock spent incarcerated for his second-degree robbery offense justified the criminal history points the PSR assigned to it. The court then adopted the Guidelines calculations in the PSR, which yielded an offense level of 19, a criminal history category of VI (resulting from 14 criminal history points), and a Guidelines range of 63 to 78 months. The court sentenced Pollock to 63 months' imprisonment and three years of supervised release. Pollock appeals the sentence.

Incorrect calculation of the Sentencing Guidelines range is a procedural error that justifies a new sentencing hearing. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 134 (2016); *Gall v. United States*, 552 U.S. 38, 51 (2007). This court reviews procedural errors *de novo. United States v. Poulin*, 809 F.3d 924, 930 (7th Cir. 2016).

Pollock's sole argument on appeal is that the district court erroneously assigned three criminal history points to his sentence for Missouri robbery under U.S.S.G.

§ 4A1.1(a).[1] That Guideline provides that criminal history points should be assigned to prior sentences according to their length. Pollock appears to suggest that he did not have a "sentence of imprisonment" at all for the purposes of this provision: he asserts that his entire sentence—*including* his time served—was suspended. He arrives at this conclusion by noting that the PSR said "sentence suspended," and not "*remainder of sentence suspended.*" He argues alternatively that, even if the suspension did not encompass his time served, he was serving multiple sentences at once, and the record does not clarify to which of these sentences his time served applied.

Pollock attempts to manufacture ambiguity where there is none. The PSR describes the following sequence of events: on May 13, 2010, Pollock pleaded guilty to robbery. He was sentenced to 10 years in prison. Fourteen months later this sentence was suspended. He then was placed on two years' probation. After two years, his sentence was discharged. Pollock's suggestion that the suspension might have been backward-looking to encompass his 14 months' time served is not only incorrect as a matter of fact; it is incorrect as a matter of law. Suspensions and time served are mutually exclusive. "Time served is real time and time suspended is not." *United States v. Staples*, 202 F.3d 992, 998 (7th Cir. 2000). Pollock's "sentence of imprisonment" for Guidelines purposes was, simply, "the portion [of his original sentence] that was not suspended": his 14 months' time served. § 4A1.2(b).

Pollock's argument in the alternative—that he was serving multiple sentences at once, and the record is not clear to which sentence his time served applied—suggests a misunderstanding of what it means to serve sentences "concurrently." We note that the parties do not dispute that Pollock was serving his sentences concurrently, and the publicly available information makes clear that he was. A report from Missouri's online court database shows that the court ordered his sentence for the second-degree robbery conviction to run concurrently, and in Missouri, sentences run concurrently by default. *See* Mo. Rev. Stat. § 558.026 (2009). Sentences served concurrently are served at the same time as one another; a prisoner gets credit for each of them. *See, e.g., Setser v. United States*, 566 U.S. 231 (2012) (discussing concurrent-consecutive sentencing issues and using "concurrent" to mean "at the same time"). So, Pollock served 14 months on his second-degree robbery sentence, irrespective of his concurrently running sentences.

AFFIRMED

---

[1] Pollock's opening brief was more expansive, but he withdrew several arguments.