In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3282

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NICHOLAS EDWARDS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:18-cr-00023-jdp-1 — **James D. Peterson**, *Chief Judge.*

ARGUED SEPTEMBER 11, 2019 — DECIDED DECEMBER 6, 2019

Before RIPPLE, ROVNER, and BARRETT, *Circuit Judges.*

ROVNER, *Circuit Judge.* Nicholas Edwards pleaded guilty to
failing to register as a sex offender, in violation of the Sex
Offender Registration and Notification Act, 18 U.S.C.
§ 2250—his fourth conviction for a failure to register a change
of address as required by state and federal statutes. The district
court ordered him to serve a prison term of 27 months and

imposed three conditions that will govern his supervised release at the conclusion of that term: (1) a requirement that, as required by his probation officer, he inform employers, neighbors and family members with children, and others of his criminal record, his obligation to register as a sex offender, and the other requirements imposed by SORNA; (2) a ban on meeting, spending time with, or communicating with any minor absent the express permission of the minor's parent or guardian and the probation officer; and (3) a bar to working in any job or participating any volunteer activity in which he would have access to minors, absent prior approval of his probation officer. Finding no flaw in any of these conditions, we affirm the judgment.

## I.

Edwards distributed child pornography in 2001 and possessed child pornography in 2002. As a result of his convictions in Minnesota state court in 2003 for those offenses, Edwards incurred a lifetime obligation to register as a sex offender under the Minnesota statute implementing SORNA's requirements for a sex offender registry. *See* 34 U.S.C. § 20912; Minn. Stat. § 243.166(6)(d)(1). He failed to comply with that obligation on multiple occasions when he changed addresses, and he was convicted in state court of failing to register and/or update his registration in 2004, 2009, and 2013.[1]

---

[1] While this case was pending in 2018, Edwards was convicted again in Minnesota state court for a registration violation that occurred in 2016. Edwards' criminal history also includes a number of convictions and arrests for insufficient-funds and forged checks and similar offenses.

In 2018, Edwards was indicted in federal court for failing to register under section 2250, after he began working in Wisconsin in or about February 2017 and ultimately moved to Hudson, Wisconsin, in November of that year but failed to register in Wisconsin or update his existing registration in Minnesota. He pleaded guilty and was sentenced on the same day.[2]

At sentencing, the district court imposed three conditions upon Edwards' eventual supervised release over his objection:

> **Condition 11:** As directed by the probation officer, defendant shall notify employers and third parties providing volunteer opportunities and educational opportunities; organizations to which defendant belongs; and neighbors and family members with minor children, of defendant's criminal record based on risk associated with his offense, his obligations to register as a sexual offender, and the legal requirements under the Sex Offender Notification Act. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly.

> **Special condition 16:** Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express

---

[2]   A parallel Minnesota charge based on Edwards' failure to update his registration in Minnesota from November 2016 to February 2017 was ultimately dismissed following his conviction in this case.

permission of the minor's parent or legal guardian and the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.

**Special condition 17:** Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.

R. 30 at 4–5.

## II.

In addition to the mandatory conditions of supervised release identified in 18 U.S.C. § 3583(d), the statute grants to a sentencing judge the authority to impose other conditions that (1) are reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, the need to deter criminal conduct generally and protect the public from further crimes of the defendant, and the need to provide the defendant with appropriate training, care, and treatment; (2) involve no greater deprivation of liberty than is reasonably necessary to deter criminal conduct, protect the public from further criminal conduct by the defendant, and ensure that the defendant receives appropriate training, care, and treatment; and (3) are consistent with the pertinent policy statements of the Sentencing Commission. § 3583(d); U.S.S.G. § 5D1.3(b) (Nov. 2016); *United States v. Poulin*, 809 F.3d 924, 929 (7th Cir. 2016) (quoting *United States v. Armour*, 804 F.3d 859,

867 (7th Cir. 2015)). As Edwards has alleged no procedural or legal error in the imposition of the conditions he challenges, we review them for abuse of discretion. *E.g.*, *United States v. Bloch*, 825 F.3d 862, 869 (7th Cir. 2016).

Edwards contends that the three conditions of release he challenges are not appropriately tailored to the particulars of his criminal history and his personal characteristics, fail to promote compliance with the law, and restrict his liberty to a degree greater than is necessary to deter criminal conduct and protect the public. Edwards stresses that he has never engaged in "hands-on" sexual behavior with minors and that his two convictions for possession of child pornography are now in the remote past. As to General Condition 11, which requires him to notify employers and other third parties of his criminal background and registration obligations at the direction of the probation officer, Edwards contends that the requisite notifications duplicate but also go beyond those imposed by SORNA itself, and because his criminal history presents no real danger that he might abuse children, they do not serve to promote his compliance with the law or protect the public. Likewise, Special Conditions 16 and 17, which attempt to police his access to and interactions with minors, in his view lack justification in his criminal record, grant the probation officer undue authority over his interpersonal life and relationships, and burden his freedom to a greater extent than necessary.

Edwards secondarily argues that Special Conditions 16 and 17 are both excessively broad and unconstitutionally vague. He suggests that the language of both conditions leaves him in doubt as to exactly what interactions with and exposure to minors is permissible absent the approval of his probation

officer and, in turn, grants the officer unwarranted veto power over even familial interactions.

We begin by addressing a threshold argument that implicates all three of these conditions—that because Edwards has never committed a "hands-on" sexual offense against a child, the district court had no cause to impose restrictions crafted with the evident aim of preventing such offenses. It is true that Edwards has no record of engaging in sexual conduct with minors; but the district court expressly considered that point and articulated a reasonable basis to believe that such restrictions were nonetheless warranted. We ourselves have sustained the imposition of such restrictions notwithstanding the lack of evidence that a defendant has previously committed a contact offense. *See United States v. Warren*, 843 F.3d 275, 282 (7th Cir. 2016) (collecting cases).

As recently as 2015, a discharge summary prepared at the conclusion of Edward's participation in a 14-month sex offender treatment program noted that he continues to have a sexual interest in children. R. 25 ¶¶ 93–96. Although Edwards is right to point out that there is a difference between thought and action, his enduring sexual interest in minors certainly presents cause for concern. Edwards has both possessed child pornography and distributed child pornography, including pornography depicting adults having sex with minors, and those offenses do victimize children. And his consumption of pornography did not cease following his convictions in 2003. A home visit conducted in 2012 while Edwards was on supervised release as a result of one of his Minnesota failure-to-register convictions revealed that he was in possession of an internet-capable cell phone that had been used to access

sexually explicit websites depicting, *inter alia*, teenagers, along with a DVD depicting sexual activity between adults and teenagers, both male and female. R. 25 ¶ 52. Even if we assume that there may be only a modest likelihood of an online child pornography offender like Edwards going on to commit a contact offense with a minor, *see* Michael C. Seto, et al., *Contact Sexual Offending by Men with Online Sexual Offenses*, 23 SEXUAL ABUSE: A JOURNAL OF RESEARCH AND TREATMENT 124, 135–37 (2011), as to those individuals who do sexually abuse children, there is some evidence to suggest that viewing child pornography may play a role in fostering and reinforcing abusive behaviors, *see* Susan Faupel & Roger Przybylski, U.S. Dep't of Justice, Office of Justice Programs, SEX OFFENDER MANAGEMENT ASSESSMENT AND PLANNING INITIATIVE, Ch. 2: *Etiology of Adult Sexual Offending*, 44 (updated through Mar. 2017) (discussing role child pornography may play in socially learned sexual aggression), available at https://www.smart.gov/SOMAPI/sec1/ch2_etiology.html (visited Dec. 6, 2019). As the evidence in this area is still developing, and there is no means of predicting whether Edwards is an individual who might act out on his apparent sexual fantasies regarding minors, it was not at all unreasonable for the district court to conclude that proactive measures were necessary to avoid giving him the opportunity to do so.

Apart from his history of possession and distribution offenses, Edwards has repeatedly failed to comply with registration requirements in the years since his convictions and engaged in a pattern of evasiveness and dishonesty with respect to his own conduct. As documented in the pre-sentence report, Edwards in the intervening years has failed to notify his

probation officer when his place of residence changed and provided false addresses to the officer; he has accessed the internet in violation of his conditions of release to view pornographic sites and set up an account through which he resold access to such sites, some of which featured young boys and girls; he at one point stayed up to five nights a week with a woman and her 14 year-old daughter without disclosing his criminal history and no-contact restriction to her; he was thrice convicted of failing to register as required by state law; when he signed a lease agreement for an apartment in Hudson, Wisconsin, in November 2017, he falsely represented to the landlord that he was not a sex offender (needlessly, given that the landlord was known to and did rent to sex offenders), and falsely listed his previous place of residence as California; and the 2015 sexual offender treatment discharge summary cited him for an inability to remain honest and discuss his sexual attraction to minors.

Consequently, the conditions at issue were imposed not simply because Edwards had prior convictions for possessing and distributing child pornography. Based on his enduring sexual interest in children and his pattern of deception and non-compliance with the conditions of his release, the court had reason to be concerned that Edwards presented a risk of engaging in sexual contact with children, and consequently conditions aimed at restricting his contact with children were warranted. Edwards himself remarked at sentencing that he needed close supervision. R. 37 at 44 ("When somebody is not looking over my shoulder, I don't do so good … .").

Turning now to the particularized objections Edwards makes to each of the three conditions at issue, we begin with

General Condition 11, which requires that Edwards, as directed by his probation officer, notify employers and others (including third parties providing volunteer and educational opportunities, organizations to which Edwards may belong, and neighbors and family members with minor children) of his criminal record, his obligation to register as a sex offender, and the legal requirements under SORNA. Edwards contends that the condition is unwarranted o the extent that it both duplicates the requirements of SORNA and exceeds those requirements (as the parties agree that it does). We disagree. First, the fact that this is Edwards' fourth conviction for violating registration requirements suggests that the statutory obligations by themselves are not sufficient to ensure that he notifies others of his status as a sex offender. Second, the fact that Edward lied to his Wisconsin landlord about his status, and in another instance stayed in a household with a 14 year-old without disclosing his status, suggests that closer supervision as to what Edwards tells employers and other third parties is warranted.

As for Special Conditions 16 and 17—which generally forbid him from having contact with minors (except as necessary to obtain commercial services) or from taking a job or participating in any volunteer activity that gives him access to children, absent the approval of his probation officer—we have already dealt with Edwards' lead objection, which is that he has no history of proscribed "hands-on" behavior with minors. Given his ongoing sexual interest in minors (primarily, but not exclusively, in minor females), his history of possessing and distributing child pornography as recently as 2012, his repeated failures to register, his failure to advise a woman with

whom he stayed of his status and restrictions as a sex offender despite the presence of the woman's 14 year-old daughter in the home, and his record of evasions and lies regarding his status, there is reason to be concerned about the possibility that he might act out on his sexual desires. The conditions are therefore not overly broad nor do they amount to an abuse of discretion. *See Warren*, 843 F.3d at 283.

Edwards adds that Condition 16 would require him to obtain the Probation Officer's approval even in order to spend time with his 11 year-old nephew. The district court acknowledged as much. R. 37 at 65–66. But Edwards has given us no reason to be believe that the probation officer would refuse such permission, assuming that his brother and sister-in-law themselves consent to Edwards interacting with their son. The district court made clear to Edwards' counsel that if disputes arose as to the reasonableness of the probation officer's enforcement of the provisions, the court would be available to mediate those disputes. R. 37 at 59. *See Poulin*, 809 F.3d at 935; *United States v. Kappes*, 782 F.3d 828, 857–58 (7th Cir. 2015).

Finally, Edwards contends that Conditions 16 and 17 are both unconstitutionally vague. Edwards contends that it is not clear how broad the commercial-services exemption in Condition 16 is. He poses questions as to what counts as an "ordinary and usual" as opposed to an extraordinary commercial service, whether the exemption covers interaction with minors who might be customers as opposed to employees of the commercial establishments he visits, and whether the exemption applies at all to government or non-profit services (for example, food pantries) where minors might volunteer. He also wonders whether it would preclude him from choosing a

store checkout line staffed by a minor over one staffed by an adult. As to Condition 17, he contends that it is not clear what "access to children" means in terms of the jobs and volunteer positions foreclosed to him—in particular, does it forbid him from working or volunteering anywhere where children might be present on occasion? And both conditions, he adds, lack a scienter requirement, which increases the risk that he might violate the conditions unwittingly. These arguments were not made below,[3] so our review is for plain error only. *Bloch*, 825 F.3d at 869.

Neither condition is so obviously vague that the ordinary person would not understand what behavior is prohibited or allowed. The language of the ordinary commercial services exception found in Condition 16 derives from our cases, *see United States v. Thompson*, 777 F.3d 368, 376 (7th Cir. 2015) (error to impose no-contact provision so broad that it could be read preclude defendant, *inter alia*, from being served by waitress or paying cashier who might be minor), and it is clear from both the face of the provision and the reasoning of our precedents that the exception is meant to enable Edwards to obtain the ordinary goods and services he needs to live his life, even if minors work at the establishments where those goods and services are offered. *See Warren*, 843 F.3d at 279–80, 283 (sustaining similarly-worded condition). So the exception

---

[3] Edwards points out, accurately, that his counsel did argue the conditions were overly broad below, but an argument that a provision is overbroad is one distinct from an argument that the provision is vague. Having reviewed the record, we find nothing that would have placed the district court on notice that Edwards was challenging the purported vagueness of these conditions.

would cover government offices (like the DMV) and food pantries and would not require him to choose a particular line, though it would require him to avoid interacting with minor patrons except in an incidental or necessary manner. *See United States v. Taylor*, 796 F.3d 788, 796 (7th Cir. 2015). Condition 17 was intended, as Edwards himself recognizes, to cover employment or volunteering where interaction with children is a regular part of the position, such as a school security guard or bus driver, attendant at an amusement park, or salesman at a children's bookstore. Because this provision concerns employment or volunteer positions that typically would not call for immediate decisions, it is reasonable to expect that close questions could be run by the probation officer in advance. We assume that the probation officer will apply these provisions reasonably. *Kappes*, 782 F.3d at 857. We also presume, as the government itself does, that the conditions will not be construed so broadly as to include truly inadvertent transgressions. *See United States v. McMillen*, 544 F.3d 71, 76 (2d Cir. 2008); *Taylor*, 796 F.3d at 796.

As for the lack of a scienter requirement, this case is to be distinguished from *Thompson*, on which Edwards relies. *Thompson* invalidated a condition proscribing association with convicted felons which lacked a scienter requirement because, among other reasons, there are no sensory cues that enable one to readily identify another person's criminal history. 777 F.3d at 376–77. By contrast, a person's age can be estimated on sight with enough accuracy to place someone in Edwards' position on notice of a need for caution and inquiry. As we have discussed, the exception in Special Condition 16 grants Edwards leeway to engage in ordinary commerce without

worrying about the age of the individuals with whom he is transacting business. Beyond that, to the extent that condition requires him to be particularly careful, even reticent, with teenagers who may or may not have reached their 18th birthday, there is no obvious error in imposing a duty of circumspection on Edwards by omitting a scienter requirement. With respect to Special Condition 17, Edwards ought to be on notice before he accepts a job or takes up a volunteer activity as to whether the position will grant him sustained access to children. He may need to exercise a degree of care in that regard that the ordinary job applicant or volunteer would not, and close questions will require the input of the probation officer, as we have said. But the extra caution required in the absence of a scienter requirement again does not strike us as plain error.

### III.

For the reasons we have discussed the district court did not abuse its discretion or commit plain error in imposing the conditions of release Edwards has challenged.

AFFIRMED